IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 06-CV-01407-MSK-MJW

FIRST HORIZON NATIONAL CORPORATION,
a Tennessee corporation,

    Plaintiff,

v.

HORIZON BANKS, N.A.,

    Defendant.

## CONSENT PROTECTIVE ORDER

The parties to this action, having determined that certain documents and information produced during this litigation should be kept confidential in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect such confidential material, and good cause having been shown, it is pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

ORDERED that the following provisions shall govern all information, documents, and testimony produced in discovery in this litigation:

    1.    Any documents (and information contained therein), answers to interrogatories or document requests, deposition transcripts, responses to requests for admissions, or any other material in paper or electronic form (hereinafter "Material") provided by a party ("Producing Party") to the other party ("Receiving Party") during the pendency of this proceeding may be designated and marked, in whole or in part, as "Confidential" by the Producing Party at the time of production thereof.

2. "Confidential" means Material and information that the Producing Party in good faith regards as personal or proprietary information, a trade secret, including confidential business information, customer lists, listing of names, addresses or telephone numbers, confidential research, trade data, development or commercial information, <u>or</u> other confidential research, development personnel or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7), <u>or</u> which is competitively sensitive to the Producing Party or competitively useful to the Receiving Party, including but not limited to, customer or vendor information, financial information, financial statements, accounting, sales, tax, and financing information, guarantee information, lease information, licenses, agreements and contracts, personnel files and employment records, pricing information, research, development or technical information, computer software programs in source code or object code, marketing information, contractual information, or design drawings in any medium.

3. Any materials created by the Receiving Party which include Confidential Materials, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed Confidential and the same terms regarding confidentiality of these materials shall apply as apply to the originals, and shall hereinafter be referred to as Confidential Material. Such Confidential Material shall be used only for purposes directly related to this proceeding, and for no other purpose whatsoever. To the extent that Material is marked Confidential ("Confidential Material"), such material shall only be revealed to or used by Qualified Persons as provided for in paragraph 4 hereof, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.

4.  As used herein, the term "Qualified Persons" means:

(a)  The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom.

(b)  The individual named parties, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties herein, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services, all of whom shall be bound by the terms of this Consent Protective Order as if signatories hereto;

(c)  Any technical and/or financial experts employed or retained by a party or its attorneys in connection with this proceeding, provided that such expert signs a Confidentiality Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

(d)  Deposition witnesses questioned by counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that such witness signs a Confidentiality Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order;

(e)  Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient signs a Confidentiality Undertaking in the form attached as Exhibit A and thereby agrees to be bound by the terms of this Order.

5. Each person designated in subsections (c), (d) and (e) of paragraph 4 shall hold such Confidential Material in confidence pursuant to the terms of this Protective Order, and, shall be required to sign a Confidentiality Undertaking, which is attached hereto as Exhibit A.

6. The Producing Party may seek to restrict the dissemination of particularly sensitive information beyond that permitted in Paragraphs 3 and 4 herein by designating the information as "Confidential and Restricted Access," in the manner hereinafter described and by specifically setting forth in writing the scope of the restriction with regard to the dissemination of the information so designated. The Producing Party shall disclose and produce information designated "Confidential and Restricted Access," along with a written statement of the scope of the restriction with regard to the further dissemination of the designated information. All tangible items so designated shall be stamped or written upon each page or separate item by the Producing Party as "Confidential and Restricted Access."

7. Acceptance by a party of any information, document, or thing designated as "Confidential" or "Confidential and Restricted Access" shall not constitute a concession that the information, document or thing is confidential. Either party may contest a claim of confidentiality. In the event that the receiving party disagrees with the designation and marking by the producing party of any material as Confidential or Confidential and Restricted Access, then the parties shall first try to resolve such dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court but the party seeking the disclosure of information shall bear the burden of proving that it does not constitute Material designated as Confidential or Confidential and Restricted Access.

8. If reference is made to any Confidential Material during the course of a deposition, the parties (and deponents) may, at that time, designate portions of the transcript as Confidential Material. Said portions of the transcripts which include references to any of the Confidential Material shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order. If a document designated Confidential Material is marked as an exhibit at a deposition, such document will not be bound within the transcript, but shall be retained separately by the attorneys for the respective parties pursuant to the provisions of this Order.

9. Where a document, deposition transcript or other tangible thing to be produced contains portions which have been designated Confidential, such Confidential Material shall be deleted therefrom before disclosing such Material to any person other than Qualified Persons as designated in paragraph 3.

10. Deletions made from any Confidential Material in accordance with the terms of this Protective Order shall not affect the admissibility of any such Confidential Material in evidence in this proceeding.

11. All Confidential Material that is filed with the Court shall be filed under seal. Any exhibit, pleading, brief, or paper containing or disclosing Confidential Material shall be filed in accordance with D.C.Colo.Civ.R. 7.2 and 7.3. For purposes of use at trial, the parties may remove the designation; provided, however, that those materials shall not thereby lose their designation.

12. In the event that a Producing Party inadvertently fails to designate any of its material or information pursuant to paragraph 1, it may later so designate by notifying the

Receiving Party in writing. The Receiving Party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

13. The parties hereto also acknowledge that regardless of the producing party's diligence, an inadvertent production of privileged or attorney work product documents may occur. They therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party. The Receiving Party shall return to the disclosing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be producible for other reasons than a waiver caused by the inadvertent production.

14. Any third party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice or request may designate said documents, things, or testimony as "CONFIDENTIAL." The parties agree that they will treat Confidential Material produced by third parties according to the terms of this Order.

15. If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks Confidential Material of a Producing Party, the Receiving Party shall give prompt written notice to counsel for the

furnishing party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16. The parties agree to jointly request that the Court implement appropriate procedures to protect Confidential Material which may be disclosed at trial or any hearing in this matter consistent with the spirit and scope of this Order.

17. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

18. Stipulations may be made, between counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

19. ~~After the termination of this action,~~ The Court will continue to have jurisdiction to enforce this Order until Termination of This Case in This Court.

20. Within sixty days after this proceeding is finally completed, including all appeals, counsel for all parties shall either return all Confidential Material and copies thereof to the

7

producing party, or certify in writing that all such Confidential Material and copies have been destroyed. Counsel shall be responsible for ensuring that any experts who have received Confidential Material have either returned it to the producing party or certified that such Confidential Material has been destroyed. Notwithstanding the above, outside trial counsel of record for each party may retain one archive copy of all litigation documents and discovery material, even if they contain or reflect another party's Confidential Material. Trial counsel's archive copy shall remain subject to all obligations of this Order.

21.   By signing below, the parties do not waive any proper objections related to discovery and reserve the right to make proper discovery objections where appropriate.

22.   By signing below, the parties agree as between themselves to be immediately mutually bound by all of the obligations and restrictions applicable to them as set forth herein, until such time as this particular Order is entered and/or superseded by the Court, or any reviewing court, in its present form.

M SFM 1006209 v3
0000000-000001 02/12/2007

SO ORDERED this 14TH day of February, 2007.

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

The undersigned hereby stipulate to the above Order to be entered by the Court.

| DORSEY & WHITNEY LLP | JONES & KELLER, P.C. |
|---|---|
| s/ Scott K. Haight<br>Gregory S. Tamkin<br>Jason L. Johnson<br>Republic Plaza Building, Suite 4700<br>370 17th Street<br>Denver, CO 80202-5647<br>Telephone: (303) 629-3400 | s/ Mark J. Kolber (signed w/permission<br>Mark J. Kolber<br>4600 South Ulster Street, Suite 880<br>Denver, CO 80237<br>Telephone: (303) 376-8421 |
| and | **ATTORNEYS FOR DEFENDANT**<br>**HORIZON BANKS, N.A.** |
| Scott K. Haight<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ<br>A Professional Corporation<br>165 Madison Avenue, Suite 2000<br>Memphis, Tennessee 38103<br>Telephone: (910) 577-2259 | |
| **ATTORNEYS FOR PLAINTIFF**<br>**FIRST HORIZON NATIONAL**<br>**CORPORATION** | |

M SFM 1006209 v3
0000000-000001 02/12/2007

Case 1:06-cv-01407-MSK-MJW   Document 32-2   Filed 02/12/2007   Page 10 of 12

# Exhibit A

# Confidentiality Undertaking Form

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01407-MSK-MJW

FIRST HORIZON NATIONAL CORPORATION,
a Tennessee corporation,

    Plaintiff,

v.

HORIZON BANKS, N.A.,

    Defendant.

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges and says:

1. I hereby attest to my understanding that information or documents designated "Confidential Material" are provided to me pursuant to the terms and conditions and restrictions of the Consent Protective Order entered _____, 2007 (the Order"), in the above captioned matter, that I have been given a copy of and have read the Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be hound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accordance with the Order, such Confidential Material, including notes or other memoranda or writings regarding the Confidential Material, and that such Confidential Material shall be used only for the purposes authorized by the Order.

11

M SFM 1006209 v3
0000000-000001 02/12/2007

3. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this lawsuit.

4. I further agree to return all copies of any Confidential Material I have received to counsel who provided it to me no later than 30 days after the conclusion of this litigation, or at such other time as provided for by the Order or agreed to by the producing party.

5. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of Court, for such failure and further understand that I may subject myself to personal liability for civil money damages resulting from claims of unfair competition. I further agree to be subject to the jurisdiction of the Court for the purpose of any proceedings related to enforcement of the Order.

6. I further agree to be bound by the Order when I sign this Agreement, regardless of whether the Order has been entered by the Court.

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State and ZIP

_____
Telephone Number

Sworn to and subscribed before me,
this ____ day of _____, 2007.

_____
Notary Public

12

M SFM 1006209 v3
0000000-000001 02/12/2007